RBC Aircraft Prods., Inc. v. Precise Machining & Mfg., LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                        Circuit Judges,
         GEOFFREY W. CRAWFORD,*
                        District Judge.

- - - - - - - - - - - - - - - - - - - -X

RBC Aircraft Products, Inc.,

    Plaintiff-Counter-Defendant--Appellant,

    -v.-                                 14-2911

Precise Machining & Manufacturing, LLC,

    Defendant-Counter-Claimant--Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           JEFFREY R. BABBIN (Joseph W. Martini, Matthew C. Brown, on

---

* The Honorable Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

1

the brief), Wiggin and Dana LLP, New Haven, Connecticut.

**FOR APPELLEES:** ANN H. RUBIN (James K. Robertson, Jr., on the brief), Carmody Torrance Sandak & Hennessey LLP, Waterbury, Connecticut.

Appeal from a partial final judgment of the United States District Court for the District of Connecticut (Underhill, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the partial judgment of the district court be **VACATED**; additionally, we **AFFIRM** the district court's conditional grant of a new trial and **REMAND** for retrial.

RBC Aircraft Products, Inc. ("RBC") appeals from the partial final judgment of the United States District Court for the District of Connecticut (Underhill, J.), granting in part the renewed motion for judgment as a matter of law of defendant-counter-claimant--appellee Precise Machining & Manufacturing, LLC ("Precise"), and conditionally granting a new trial in the event of reversal on appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The jury found that Precise breached a five-year requirements contract with RBC, and awarded nearly $3 million in compensatory damages. At the close of RBC's case, Precise had moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a); Precise renewed its motion post-verdict pursuant to Rule 50(b). At oral argument, the district court raised sua sponte the meaning of certain language included in RBC's price quote. Although this issue was related to the arguments raised in Precise's Rule 50 motion, it had not been specifically addressed by either party. The district court ordered supplemental briefing on the issue, and ultimately granted in part RBC's renewed motion.[1]

---

[1] Precise also moved pursuant to Rule 59 for a new trial (on liability), and for a new trial on the issue of damages. The district court conditionally granted the motion for a new trial; and it denied as moot the motion for

RBC's price quote included the following additional terms: "FOR DELIVERIES THROUGH 12-31-2015" and "PRICING IS SUBJECT TO 100% OF THE VOLUME THAT PRECISE HAS TO BUY DURING THAT PERIOD." J.A. 503. The district court concluded, and we agree, that the language is ambiguous. It could mean: (1) the prices offered will apply to everything Precise purchases from RBC through December 2015, if RBC places a purchase order; (2) the prices offered will apply to everything Precise purchases from RBC for however long Precise purchases solely from RBC, through December 2015; or (3) the prices are offered in exchange for a promise from Precise to purchase all of its requirements exclusively from RBC through December 2015.

After considering the surrounding circumstances to determine the meaning of that language, the district court reasoned that even if RBC's price quote constituted an offer, Precise reasonably could not have been found to have promised--either explicitly or implicitly--to purchase all of its requirements exclusively from RBC over a five-year period.

We vacate the district court's entry of judgment in favor of Precise because, on de novo review, the jury verdict was not "wholly without legal support."[2] ING Glob. v. UPS Oasis Supply Corp., 757 F.3d 92, 97 (2d Cir. 2014). At least two pieces of evidence provide *some* support for the jury verdict: testimony by Precise vice president and general manager Jeff Greer regarding the meaning of the language at issue; and an email from John Bookout to Katherine Davis, indicating that Precise incorporated RBC's quoted prices into a five-year projection of savings before responding to RBC's offer.

---

a new trial on damages.

[2] Generally, a Rule 50(b) motion can only be granted on grounds that were specified in the movant's Rule 50(a) motion. "As to any issue on which proper Rule 50 motions were not made, JMOL may not properly be granted by the district court, or upheld on appeal, . . . unless that action is required in order to prevent manifest injustice." Lore v. City of Syracuse, 670 F.3d 127, 153 (2d Cir. 2012). "Manifest injustice exists where a jury's verdict is wholly without legal support." ING Glob. v. UPS Oasis Supply Corp., 757 F.3d 92, 97 (2d Cir. 2014).

However, virtually all other evidence supports the conclusion that Precise had not intended to bind itself to a five-year exclusive requirements contract by responding to RBC's price quote. To the contrary, the evidence "overwhelmingly indicated that Precise would not willingly have entered into a long-term agreement and that RBC knew Precise was firmly against a long-term agreement when it submitted its quote." RBC Aircraft Prods., Inc. v. Precise Machining & Mfg., LLC, 26 F. Supp. 3d 156, 180 (D. Conn. 2014). The district court was not wrong in finding the jury verdict contrary to the weight of the evidence. Viewing the jury verdict as "seriously erroneous," Raedle v. Credit Agricole Indosuez, 670 F.3d 411, 417 (2d Cir. 2012), was within the "range of permissible decisions" and therefore not an abuse of discretion, Harris v. O'Hare, 770 F.3d 224, 231 (2d Cir. 2014). Accordingly, we affirm the district court's conditional grant of a new trial.[3]

For the foregoing reasons, we hereby **VACATE** the district court's grant of partial judgment; we **AFFIRM** the conditional grant of a new trial and **REMAND** for retrial.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[3] We approve the district court's suggestion that, on retrial, it will instruct the jury that the language in RBC's price quote is ambiguous as a matter of law. RBC Aircraft Prods., 26 F. Supp. 3d at 185; see Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc., 232 F.3d 153, 158 (2d Cir. 2002) ("The question of whether the language of a contract is clear or ambiguous is a question of law to be decided by the court."); Tallmadge Bros., Inc. v. Iroquois Gas Transmission Sys., L.P., 746 A.2d 1277, 1287 (Conn. 2000).

4